SEBOR AND SHALER v. LEVI ROBBINS AND ISRAEL PORTER.
A purchaser of the mortgagor without notice, of the mortgage of a
　　part of the mortgaged premises, is quieted, by the mortgagor's
　　satisfying the mortgage money out of the residue of the
　　premises.

PETITION in chancery, showing that Levi Robbins by deed
dated November 1786, mortgaged a piece of land to Oliver

Robbins, to secure a debt of £60; that afterwards said Levi sold and conveyed to Israel Porter, one acre and twenty-six rods of said mortgaged premises by an absolute deed, who immediately went into possession; that in April A. D. 1788 the petitioners recovered a judgment against said Levi and one Stanley, both bankrupts, for the sum of £268 took out execution and levied it on that part of said mortgaged premises which was not conveyed to said Israel, and was appraised at £280 including the incumbrance of £67 due to Oliver Robbins, which left due on their said execution £55; that since said levy they have paid said Oliver and taken a conveyance of all his interest in said mortgaged premises, and pray that the petitionees be compelled to pay them their debt and what they have paid out, or be foreclosed of their equity of redemption.

It appeared that said Porter was a *bona fide* purchaser for a valuable consideration, without notice of said mortgage to said Oliver; that the petitioners knew of said deed to said Porter, when they levied said execution, being bounded expressly upon the land.

Judgment — That the petitioners take nothing by their petition.

The petitioners by the levy of their execution acquired all the right and interest Levi had in that part of the mortgaged premises, levied upon, which amounted to £213 more than to pay said Oliver his debt, the incumbrance upon the whole mortgaged premises; and upon their paying Oliver the whole of his debt, out of the interest they had of Levi, it extinguished his right to the whole premises in equity — his release therefore, conveyed nothing but a naked legal title, and as the mortgage money was paid out of Levi's estate, it ought to inure equally for the benefit of Porter as the petitioners — they having a further debt against Levi, made no difference in this respect and can be no ground for a degree of foreclosure against said Porter or his assigns.